UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JACOB COOK                              ,       ) Case No.
                                                 ) Hon.
       Plaintiff,                     )
                                                 )
   v.                                       )
                                                 )
STATE OF MICHIGAN, MICHIGAN              )
DEPARTMENT OF CORRECTIONS,               )
JOSEPH BLOOMSTRAND, SCOTT                )
McCLAIN, BRIAN MORRISON, RUSSELL         )
RURKA, MICHIGAN CORRECTIONS              )
ORGANIZATION-SEIU LOCAL 526M, AND        )
LAKELAND CORRECTIONAL FACILITY           )
                                                 )
       Defendant,                     )
_____)

## COMPLAINT

*Now comes* the Plaintiff, Jacob Cook, by and through his attorney, Steven W. Reifman, and states in support of his complaint as follows:

*Facts*

1. The Plaintiff has been employed as a Corrections Officer at the Lakeland Correctional Facility in Michigan since 2015.

2. Since becoming a corrections officer, Plaintiff has observed and complained of widespread corruption involving the distribution of contraband, leading to

numerous inmate overdose deaths. Corrupt officers helped smuggle drugs through the gates of the facility.

3. Media outlets including the Detroit Metro Times, Detroit News, and Detroit Free Press have published reports regarding corruption and drug activity throughout the Michigan Department of Corrections footprint, including the Lakeland Correctional Facility.

4. Plaintiff has suffered threats and intimidation tactics including an attempt to frame him for bringing in contraband to the facility.

5. The Plaintiff sent notices of corrupt activity at Lakeland to the U.S. Attorney, FBI Detroit, DEA Detroit and Grand Rapids, and the Michigan Senate oversight committee.

6. The Plaintiff attempted to send the notices of corruption anonymously, however Officer Joseph Bloomstrand and others found out that he was the anonymous whistleblower and began a pattern of harassment.

7. Since 2019, the Plaintiff has been harassed, threatened, bullied, and cajoled by fellow Corrections Officer Joeseph Bloomstrand. The constant and consistent hostility exhibited by Officer Bloomstrand has resulted in Plaintiff being diagnosed by a medical doctor with Post Traumatic Stress Disorder (PTSD).

8. In August 2022 Plaintiff contacted Toya Williams with the Michigan Civil Service Department EEOC liaison. Plaintiff complained that Lt. Scott McClain falsely imprisoned him on December 21 2021; by telling Plaintiff he could not leave the facility even after his shift was done unless Plaintiff agreed not to report McClain for attempting to have Plaintiff perform work assigned to McClain. Williams informed Plaintiff that she could only file the complaint and refer to internal affairs and the warden. Plaintiff sought an investigation against McClain and that he was removed as his immediate supervisor. He informed Williams that McClain triggered his PTSD.

9. As recently as July 19, 2024, the Plaintiff complained in writing to facility officials that Officer Bloomstrand after calling Plaintiff a "bitch" and a "clown" stated "I know what you have done, I know what you are up to"… "I know where you live I know how to find you in here or on the outside it doesn't matter you can't hide from me I will find you" " …I will make you pay for what you did and what you are doing" " there are a lot of officers and prisoners here that don't like you". He also threatened to have other officers or prisoners harm Plaintiff if he (Bloomstrand) could not get to him.

10. In the July 19, 2024, complaint, Plaintiff disclosed his PTSD diagnosis due to the threats by Bloomstrand as well as completed and submitted a disability

complaint. This complaint was submitted to Plaintiff's supervisors, the warden, and other MDOC officials.

11. In response to his complaint, Plaintiff was advised by Deputy Warden Russell Rurka in the presence of other officials that his complaint would be investigated, and he would be separated permanently from Officer Bloomstrand.

12. Lieutenant Jason Carter, himself convicted of assault, was tapped by the warden to investigate the assault and harassment claims of the Plaintiff.

13. Plaintiff was placed in an isolated area of the prison referred to as "the bubble" for his protection. He was moved as accommodation for his PTSD being triggered by Officer Bloomstrand.

14. Plaintiff filed a complaint with the State of Michigan Department of Corrections Internal Affairs Division. The complaint was closed, and no action was taken as a result of it. Plaintiff and Warden Rurka were advised of same on February 19, 2025

15. On April 5, 2022, the Union informed the Plaintiff that his request for investigation was closed and nothing would be done.

16. Bloomstrand, Wollam, and McClain were allowed unfettered access to the Plaintiff. The Warden allowed Bloomstrand in close vicinity with Plaintiff. He

glared at Plaintiff and displayed aggressive behavior and suggestive remarks aimed at Plaintiff.

17. Plaintiff went to Jason Lamontagne, his Captain, and was told because Plaintiff requested an investigation, he would no longer be protected from those he accused of harassing him. Captain Lamonte told him "The favor was over". Plaintiff stated that this was not a favor but rather an accommodation to which Captain Lamontagne replied that since Plaintiff made a big deal of filing paperwork over false imprisonment, we are not protecting you anymore.

18. Absent any warning, Plaintiff was removed from the bubble on April 25, 2025. He asked the Warden why his disability was no longer being accommodated. The Warden responded to Plaintiff's union representative, Wade Vinning, that Plaintiff did not have a disability, Plaintiff should "go find another job, I am tired of dealing with his (Plaintiff's) issues. Plaintiff was retaliated against for making complaints about corruption at the facility.

19. The plaintiff sought to make a disability complaint but was ignored. Lt. Scott McClain was reprimanded and given a 2-week suspension for harassment against the Plaintiff. McClain should have been discharged.

20. Plaintiff was told by an outside investigator -Mike West, that Plaintiff should stop sending him evidence of harassment and threats. West stated he would not receive further evidence from Plaintiff. West was responding to the August

18, 2022, request for disability accommodation for his PTSD. Plaintiff complained that McClain, Officer Jessica Wollam, Officer Bloomstrand and others were threatening, harassing, and attempting to set him up to be fired.

21. The plaintiff also sought to complain to Katherine Hunt-MDOC litigation specialist. After interviewing Plaintiff, Plaintiff informed Hunt that the Wardens' office at Lakeland Correctional Facility sent Plaintiffs' address to Lt. McClain. This increased Plaintiff's PTSD anxiety and concern that the officers consistently harassing and threatening him would make good on their threats. His complaints were ignored.

22. Once word got out in the prison that Plaintiff was complaining of corruption to outside authorities, he was told by his partner David Blackmer, that in February of 2023 he was approached by Lt. Scott McClain to write a false statement that Plaintiff was involved in smuggling drugs into the prison, Blackmer refused.

23. Plaintiff was told by Officer Kevin Garn that Officer Blomstrand stated that Plaintiff was crazy and that Garn should file a false complaint against Plaintiff. Garn refused.

24. Garn was told by fellow officers that Bloomstrand stated that the next time he saw Plaintiff he would put him in a headlock and beat him up.

25. In January of 2025 Bloomstrand directed Garn to inform Plaintiff that he was a "retard and a clown."

26. Plaintiff attempted to get MDOC internal affairs to interview Plaintiff about widespread corruption and drug running at the facility. The President of Michigan Justice Advocacy, Mr. Jack Wagner helped deliver the complaint by Plaintiff to internal affairs. The offer to provide information was ignored.

27. Plaintiff is scheduled to testify in another action involving the Lakeland Correctional Facility related to corruption and other wrongdoing. Out of fear for his safety he has requested and been granted the ability to do so under seal.

28. Plaintiff was approached by Assistant Deputy Warden Russell Rurka about how the Lakeland Facility "appeared in a news article reporting evidence which magically appeared," he asked Plaintiff "are you a magician now?"

29. Plaintiff has suffered and continues to suffer from not being accommodated, harassment, threats, and ridiculed for being a whistleblower, and discrimination due to his PTSD condition.

*Parties*

30. The plaintiff is a citizen of the State of Michigan.

31. Defendants are the State of Michigan, the Michigan Department of Corrections, and the Lakeland Correctional Facility.

32. Defendant Joseph Bloomstrand is an employee of the Lakeland Correctional Facility.

33. Defendant Scott McClain is an employee of the Lakeland Correctional Facility.

34. Defendant Brian Morrison is an employee of the Lakeland Correctional Facility.

35. Defendant Russell Rurka is an employee of Lakeland Correctional Facility.

36. Defendant Michigan Corrections Organization SEIU Local 526 M local. 526 represents Plaintiff pursuant to a collective bargaining agreement.

*Jurisdiction*

37. This is a civil action seeking judgment, relief and/or damages brought pursuant to the Americans with Disabilities Act, 42 U.S.C. Section 12101 et seq. for failure to provide a reasonable accommodation. Jurisdiction is conferred upon this Court by 28 U.S.C. section 1331 and 1343 (4).

38. This civil action also alleges violations of the Persons with Disabilities Civil Rights Act MCL 377.1101 as State of Michigan statute.

39. This civil action also alleges a violation of the Michigan Whistleblower Protection Act. MCL 15.361 et sea.

40. Venue is proper in this district because the complaint of Plaintiff involves a federal statute-Americans with Disabilities Act which provides the federal

court with exclusive jurisdiction and the location of the actions complained of are within the Western District of Michigan.

41. This Court has an ancillary jurisdiction to hear Plaintiff's state claims as these claims are substantially related to the ADA claim that is within the court's jurisdiction.

## CAUSE OF ACTION

### Count I

### *Violation of the Americans with Disabilities Act*

### *(A) Failure to Accommodate*

### *(A) Retaliation*

42. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

43. The Defendants harmed the Plaintiff in violation of Title I of the Americans with Disabilities Act 42 USC sections 12181-89 and its impending regulation by refusing to separate Officer Bloomstrand from Plaintiff where Defendant was aware that Bloomstrand triggered Plaintiff's PTSD.

44. PTSD qualifies as a disability according to the ADA.

45. The Defendant, employer, was aware that Plaintiff suffers from PTSD. Plaintiff advised on numerous occasions and in a formal complaint authored July 19, 2024.

46. Plaintiff can perform his job without the accommodation and has done so since the Defendant has refused to accommodate him by keeping him separated from Officer Bloomstrand.

47. The accommodation sought by the Plaintiff did not cause an undue hardship on the Defendant.

48. The Defendants harmed the Plaintiff when they retaliated against the Plaintiff for making complaints to outside authorities regarding Officer Bloomstrand, internal corruption and his PTSD being triggered by threats and concerns for his safety.

49. The Defendant harmed the Plaintiff by forcing him to work with Officer Bloomstrand and ignoring Plaintiff's complaints about accommodation and his requests for investigations into internal corruption at the facility.

50. The Defendants were well aware that the Plaintiff was complaining to authorities inside and outside of the facility. The acts of complaining are protected activities.

## Count II

### *Violation of the Michigan Whistleblower Protection Act*

51. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

52. Since 2019, Plaintiff was concerned about workplace corruption including drug smuggling, overdose cases involving inmates, and inappropriate relationships between correction officers and prisoners.

53. On July 19, 2024, the Plaintiff filed a Michigan Department of Corrections complaint against Joseph Bloomstrand and other MDOC officers and supervisors regarding workplace violence, threats, and harassment.

54. The plaintiff had previously filed a similar complaint with the US Attorney, DEA, FBI Public Corruption Office and Michigan Senate Oversight Committee.

55. After these complaints, Plaintiff's treatment and his relations with supervisors, coworkers, and facility officials changed for the worse.

56. On April 25, 2025, Plaintiff was yanked from his protective work assignment in the bubble and placed in a work area granting Officer Bloomstrand complete access to Plaintiff.

57. At all material times, Plaintiff was an employee, and Defendants were his employers covered by and within the meaning of the Michigan Whistleblowers' Protection Act, MCL 15.361et seq.

58. Defendants violated the Whistleblowers' Protection Act when they discriminated against the Plaintiff as described regarding the terms, benefits, conditions, and privileges of his employment because he reported a violation

or suspected violation of a law, regulation, or rule of the State of Michigan and opposed practices made illegal by laws, regulation or rules of the State of Michigan and the United States.

59. The actions of the Defendants were intentional.

60. As a direct and proximate result of Defendants' unlawful actions against the Plaintiff as described, Plaintiff has sustained injuries and damages, including but not limited to mental and emotional distress, loss of reputation, and esteem in the community; and the loss of the ordinary pleasures of everyday life, including the opportunity to pursue gainful employment in an environment free from threats and intimidation.

## Count III

### Violation of the Persons with Disabilities Civil Rights Act

61. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

62. Plaintiff is disabled as defined by the Persons with Disabilities Civil Rights Act MCL 377.1101.

63. The Plaintiff is able to perform his job as his disability is unrelated to his ability to perform the duties of a corrections officer.

64. The Plaintiff was retaliated against by his employer for complaints he made about Officer Bloomstrand and about corruption in the facility.

65. The Plaintiff engaged in the protected activity of complaining about workplace crime and threats of physical violence.

66. The Defendant employers were aware of the complaints being made by the Plaintiff and the warden refused to accommodate him due to him constantly making complaints.

67. The warden took the adverse action of forcing Plaintiff to work with an Officer who consistently threatened him and refused to accommodate him because of his complaints about the officer and the facility itself.

68. There is a causal connection between the failure to accommodate Plaintiff and the complaints he made against fellow officers, supervisors, and the facility itself.

## Count IV

**Violation of Duty of Fair Representation**

- Plaintiff re-alleges and incorporates the allegations in the preceding paragraphs and incorporates them here by reference.

- The Defendant Michigan Corrections Organization SEIU Local 526M has a duty to represent the Plaintiff pursuant to a collective bargaining agreement in effect from 2025 to 2028.

- The Defendant, MCO, violated the CBA provisions which required it to promote a healthy and safe working environment.

- The Defendant MCO arbitrarily refused to file a proper grievance over the workplace violence the Plaintiff was being subjected to by Defendant Bloomstrand and other employees of the Lakeland Correctional Facility.

- The Defendant MCO has repeatedly refused to represent the Plaintiff and have stated their refusal to written correspondence.

WHEREFORE the Plaintiff respectfully requests that this court enter judgment against Defendants as follows:

1. Legal Relief:
    a. Compensatory damages in whatever amount he is found to be entitled.
    b. Exemplary damages in whatever amount he is found to be entitled.
    c. Judgment for lost wages, past and future, in whatever amount he is found to be entitled.
    d. An award for the value of lost fringe and pension benefits, past and future.
    e. An award of interest, costs, and reasonable attorney fees.
2. Equitable Relief:

    a. An order reinstating Plaintiff to a position that enhances his safety from threats, intimidation, and bullying that he would have had if he was accommodated, not discriminated against, and not retaliated against.

    b. An injunction prohibiting any further acts of threats, retaliation, or discrimination.

    c. An award of interest, costs, and reasonable attorney fees.

    d. Grant such other equitable relief this Court deems just and appropriate at the time of final judgment.

Respectfully Submitted,

BY: /s/ *Steven W. Reifman*
STEVEN W. REIFMAN (P25208)
Attorneys for Plaintiff
4000 Town Center Drive, Suite 1350
Southfield, MI 48075
(248) 932-4000
sreifman@reifmanlaw.com

Date: June 11, 2025

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| JACOB COOK       , | ) | Case No. |
| | ) | Hon. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF MICHIGAN, MICHIGAN | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| JOSEPH BLOOMSTRAND, SCOTT | ) | |
| McCLAIN, BRIAN MORRISON, RUSSELL | ) | |
| RURKA, MICHIGAN CORRECTIONS | ) | |
| ORGANIZATION-SEIU LOCAL 526M, AND | ) | |
| LAKELAND CORRECTIONAL FACILITY | ) | |
| | ) | |
| Defendant, | ) | |
| _____) | | |

## JURY DEMAND

Now comes the Plaintiff, Jacob Cook, through his Attorney, Steven W. Reifman, and hereby requests a trial by jury in this matter.

                Respectfully Submitted,

BY:   /s/ *Steven W. Reifman*
        STEVEN W. REIFMAN (P25208)
        Attorneys for Plaintiff
        4000 Town Center Drive, Suite 1350
        Southfield, MI 48075
        (248) 932-4000
        sreifman@reifmanlaw.com

Date: June 11, 2025